
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RICKY L. HOLLINS, JR.,**

        **Petitioner,**

    v.                          **CASE NO. 21-3164-SAC**

**STATE OF KANSAS,**

        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

    This matter is before the Court on Petitioner's petition for writ of habeas corpus. (Doc. 1.) Petitioner is in pretrial custody at Sedgwick County Correctional Center and he asserts that he is being unlawfully detained, as there is no evidence that he committed the crimes with which he is charged. *Id.* at 2. Petitioner also asserts that he has been held for more than 9 months without a preliminary hearing and that his constitutional right to a speedy trial has been violated. *Id.* at 5. He asks the Court to dismiss the pending criminal charges and order him released from custody. *Id.* at 6.

    This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C.

§ 2241(c)(3).

Although § 2241 may be an appropriate avenue to challenge pretrial detention, *see Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

Under *Younger*, federal courts must abstain from exercising jurisdiction when the following conditions are met:  "(1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

Even liberally construing the petition in this case, as is appropriate since Petitioner is proceeding pro se, it appears that all three conditions are met in this case. Petitioner is therefore directed to show cause, in writing, on or before August 30, 2021, why this matter should not be summarily dismissed without prejudice. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including August 30, 2021, to show cause why the petition should not be dismissed without prejudice pursuant to the *Younger* doctrine.

**IT IS SO ORDERED.**

DATED:  This 30th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge